IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| LAUREN PAULSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-1501-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| WILLIAM CARTER, President of the | ) | |
| Oregon State Bar, OREGON STATE | ) | |
| BAR, KAREN GARST, GEORGE | ) | |
| RIEMER, LISA LESAGE, JEFF SAPIRO, | ) | |
| NENA COOK, DENNIS RAWLINSON, | ) | |
| | ) | |
| Defendants. | ) | |

    Lauren J. Paulson
    3980 S. W. 170th Avenue
    Aloha, Oregon 97007

        Plaintiff Pro Se

    Susan K. Eggum
    621 S. W. Alder Street, Suite 600
    Portland, Oregon 97205

        Attorney for Defendants

King, Judge:

This matter came before the court on Plaintiff's Motion to Compel Production of Documents. A hearing was held by the Honorable Dennis J. Hubel on October 31, 2005, at which Judge Hubel made rulings with regard to Request for Production 1-13. Thereafter, the balance of the Request for Production was referred to Judge King for resolution. Plaintiff agreed not to seek reconsideration by another judge of Judge Hubel's rulings on Request for Production 1-13. At a hearing on November 1, 2005, rulings were made by Judge King with respect to Request for Production 14-56, as set forth in the transcript of that hearing which also is incorporated by reference in this Order. The rulings made by Judge Hubel on October 31, 2005 with regard to Request for Production 1-13 are reflected in a transcript of that proceeding which is incorporated by reference in this Order.

The discovery issues which were deferred and the court's rulings with regard to same are as follows:

1) Regarding Request for Production 9, on which Judge Hubel deferred ruling to consider the issue of privilege, the court finds that Jeff Sapiro's analysis and recommendations to the SPRB are privileged and that the claim of privilege has been properly raised. Accordingly, plaintiff's motion is denied.

2) With regard to Request for Production 53, which requests discovery of any reports made by George Reimer to the Oregon Supreme Court, the defendant states there are no such reports. In the event that it is determined that there is a report or communication by and between the Oregon State Bar and the Oregon Supreme Court regarding the status of this litigation,

defendant is directed to produce it.

3) Request of plaintiff for Continuation of the Deposition of Karen Garst. Plaintiff submitted a letter dated November 2, 2005 explaining the basis for his request to take an additional deposition of Karen Garst. Defendant opposes the continuation on the grounds that the matters referred to by plaintiff have been previously covered in a 199 page deposition taken by plaintiff on August 30, 2005. Request for Production 33 sought all documents regarding Karen Garst's relationship to the Living Enrichment Center. Defendant objected to production of materials related to the Living Enrichment Center bankruptcy filing and a claim asserted against that organization by Karen Garst on the grounds they were not relevant to the issues in this litigation. Defendant stated that all documents relevant to plaintiff's request for financial transactions between defendant Garst and her church have been produced. The court allowed plaintiff to make a specific request for documents regarding Ms. Garst's relationship to the Living Enrichment that he had not received and to make a showing of relevance. Plaintiff was instructed to specifically refer to the deposition to support his request. In plaintiff's response he referred to deposition transcript pages 85-86. Plaintiff's response does not support the request for production. The court has reviewed the deposition and finds that plaintiff asked questions of Ms. Garst regarding the Living Enrichment Center and loans to that entity from pages 85-97. There were no restrictions on questions or refusals to answer. There was no indication that Mr. Paulson lacked information or

documents to continue the deposition or to question Ms. Garst on the subject. The transcript also contains references at pages 170-174 to the relationship between the Living Enrichment Center and the Miller Nash law firm. It also contains references to the representation of Ms. Garst by the Sussman Shank firm. The court notes that no request or mention of files from Sussman Shank and/or Miller Nash was made. At the November 1, 2005 hearing, Ms. Eggum raised the subject of Miller Nash and Sussman Shank subpoenas in order to resolve those issues if they were continuing issues. Plaintiff did not respond and the court specifically asked plaintiff whether there were any other production issues that needed to be resolved before November 7, 2005 (the court advised the parties that November 7, 2005 would be the final day for completion of discovery, unless otherwise ordered by the court). Mr. Paulson raised no issue. Accordingly, defendants are to produce those documents relating to Request for Production 33-37, that they have agreed to produce, and otherwise, Requests for Production 33-37 are denied. Plaintiff's Request for the Continuation of the Deposition of Karen Garst is denied.

4) Judge Hubel's minute order of October 21, 2005, states that the court takes under advisement plaintiff's request to depose Judge Douglas Beckman. This issue was not raised by the parties at either the October 31, 2005 hearing before Judge Hubel or the November 1, 2005 before Judge King. The request to depose Judge Douglas Beckman is denied.

5) The only remaining pending motion is Defendants' Motion for Award of Sanctions. Judge Hubel had previously entered an order granting the Motion for Sanctions. Defendant has submitted a Memorandum and Declarations in Support of an Award of Sanctions seeking a total award of $6,039.46. The Plaintiff has not submitted any response contesting the amount requested by Defendants. Accordingly, sanctions are awarded in favor of Defendants and against plaintiff Lauren Paulson in the amount of $6,039.46.

Plaintiff's Motion to Compel (#142) is granted in part and denied in part as explained above.

IT IS SO ORDERED.

Dated this ___16th___ day of November, 2005.

       /s/ Garr M. King
      Garr M. King
      United States District Judge